NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**SEAGEN INC.,**
*Appellant*

**v.**

**DAIICHI SANKYO, INC., ASTRAZENECA PHARMACEUTICALS LP,**
*Appellees*

**JOHN A. SQUIRES, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2024-1878

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. PGR2021-00030.

_____

Decided:  December 2, 2025

_____

SARA TONNIES HORTON, Willkie Farr & Gallagher LLP, Chicago, IL, argued for appellant.  Also represented by DEVON WESLEY EDWARDS, New York, NY; DANE SOWERS,

Washington, DC.

PRESTON K. RATLIFF, II, Paul Hastings LLP, New York, NY, argued for appellees. Also represented by JUSTIN FLEISCHACKER, LUCAS L. KRESSEL; STEPHEN BLAKE KINNAIRD, NAVEEN MODI, IGOR VICTOR TIMOFEYEV, DANIEL ZEILBERGER, Washington, DC.

SHEHLA WYNNE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by PETER J. AYERS, MARY L. KELLY, WILLIAM LaMARCA, NICHOLAS THEODORE MATICH, IV.

CHRISTOPHER NEIL SIPES, Covington & Burling LLP, Washington, DC, for appellee AstraZeneca Pharmaceuticals LP. Also represented by BRADLEY KEITH ERVIN, NICHOLAS LANE EVOY, ROBERT JASON FOWLER.

_____

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

LOURIE, *Circuit Judge.*

The instant case is an appeal from a final written decision of the United States Patent Trial and Appeal Board ("the Board") in a post-grant review ("PGR") proceeding holding claims 1–5, 9, and 10 of Seagen Inc.'s ("Seagen") U.S. Patent 10,808,039 ("the '039 patent") invalid. *Daiichi Sankyo, Inc. v. Seagen Inc.*, No. 10,808,039, 2024 WL 168076 (P.T.A.B. Jan. 16, 2024). It is a companion case to *Seagen Inc. v. Daichii Sankyo Co.*, Ltd., Nos. 23-2424, 24-1176, slip op. (Fed. Cir. 2025), decided by this court today, where we hold that the same claims of the '039 patent are invalid for lack of adequate written description and enablement. *Id.* at 12, 18.

At oral argument, Seagen conceded that a determination of invalidity for the '039 patent in the companion case

renders the instant appeal moot. *See* Oral Arg. at 11:50–12:08, *available at* https://www.cafc.uscourts.gov/oral-arguments/24-1878_10062025.mp3 ("[P]ractically speaking, if this court invalidates the patent [i]n either appeal . . . then the case would be over."). That concession is in accord with our case law. *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (invalidity determination renders moot "all pending or co-pending actions"); *see also Biogen Int'l GMBH v. Mylan Pharms. Inc.*, 18 F.4th 1333, 1346 (Fed. Cir. 2021) (declining to "reach the merits of the parties' arguments in [a] companion IPR case" when claims at issue held invalid on appeal from district court). We thus dismiss Seagen's appeal of the PTAB's decision as moot.

**DISMISSED**